UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LISA JACOBS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 18-11604-ADB |
| | * | |
| JOSEPH FILLIPI, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the court orders that this action be transferred to the United States District Court for the District of New Hampshire.

I. BACKGROUND

On July 30, 2018, the clerk received for filing a complaint filed by Lisa Jacobs ("Jacobs"). With her complaint, Jacobs filed an affidavit and motion for emergency service and leave to proceed *in forma pauperis*. Jacobs represents that she is a Massachusetts citizen now in the custody of the Cheshire County Department of Corrections in Keene, New Hampshire. Jacobs's complaint asserts both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332 as bases for this court's subject matter jurisdiction.

The seventeen-page, handwritten complaint recounts events surrounding Jacobs' July 25, 2015 arrest by the Fitzwilliam police in Fitzwilliam, New Hampshire and her subsequent litigation in the state courts of New Hampshire. The complaint names the following 16 defendants: the Fitzwilliam Police Department and two Fitzwilliam police officers (Joseph Fillipi

and Hailey Rae); the Town of Fitzwilliam; the Cheshire County Sheriff Eli Rivera; Cheshire County Attorney Chris McLaughlin; the Cheshire County Department of Correction; the New Hampshire State Police; the State of New Hampshire; John Doe, a real person whose identity is not yet know to Jacobs; Former New Hampshire Attorney General Joseph Foster; New Hampshire Attorney General Gordon MacDonald; Robert Quinn, New Hampshire State Police; New Hampshire Governor Chris Sununu; United States Senator Maggie Hassan; and Richard Tracy of the New Hampshire Attorney General's Office.

The Court's records indicate that this action is one of six complaints filed against New Hampshire defendants concerning alleged civil rights violations.  *See Jacobs v. Fillipi, et al.,* C.A. No. 18-11505-JCB (filed Jul. 18, 2018); *Jacobs v. Fillipi, et al.,* C.A. No. 18-11533-NMG (filed Jul. 23, 2018); *Jacobs v. Fillipi, et al.,* C.A. No. 18-11551-DJC (filed Jul. 24, 2018); *Jacobs v. Fillipi, et al.,* C.A. No. 18-11558-WGY (filed Jul. 25, 2018);  *Jacobs v. Fillipi, et al.,* C.A. No. 18-11603-LTS (filed Jul. 31, 2018); and *Jacobs v. Fillipi, et al.,* C.A. No. 18-11604-ADB (filed Jul. 31, 2018).

**II.     DISCUSSION**

Although Jacobs contends that subject matter jurisdiction lies in the District of Massachusetts, venue is not proper in this court under the relevant venue statue.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, subsections (1) and (3) of 28 U.S.C. § 1391(b) do not establish venue in the District of Massachusetts because none of the defendants reside in Massachusetts. "For the purposes of venue, state officers 'reside' in the district where they perform their official duties." *Smolen v. Brauer*, 177 F.Supp.3d 797, 801 (W.D.N.Y. 2016) citing *Crenshaw v. Syed*, 686 F.Supp.2d 234, 237 (W.D.N.Y. 2010) (quotation omitted)). Likewise, subsection (2) does not provide for venue within this district because "a substantial part of the events or omissions giving rise to the claim" did not occur in the District of Massachusetts.

Although "there is a strong presumption in favor of plaintiff's choice of forum," *U.S. ex rel. Ondis v. City of Woonsocket, RI*, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (citing *Coady v. Ashcraft-Gerel*, 223 F.3d 1, 11 (1st Cir. 2000)), here the defendants do not reside in this District and Jacobs does not allege that a substantial part of the events arose in this District. Thus, venue is not proper in this court under 28 U.S.C. § 1391(b).

In light of the above, the court finds that it is in the interest of justice to transfer this action to the District of New Hampshire for further proceedings. *See* 28 U.S.C. § 1404(a) (providing, in relevant part, that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought....").

In view of this transfer, this court declines to rule on Jacobs' pending motion and takes no position as to whether this action is duplicative of any of Jacobs' other recently filed complaints.

**III.    CONCLUSION**

Accordingly: venue lies in the District of New Hampshire, see 28 U.S.C. § 1391(b), and this action is TRANSFERRED to the United States District Court for the District of New Hampshire, see 28 U.S.C. § 1404(a).

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Hampshire.  This order closes this case.

**SO ORDERED.**

October 9, 2018                                              /s/ Allison D. Burroughs
                                                                                           ALLISON D. BURROUGHS
                                                                                          U.S. DISTRICT JUDGE